UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHERIDA FELDERS, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> BRIAN BAIRETT and JEFF MALCOM. <br><br> Defendants. | **MEMORANDUM DECISION AND PRETRIAL ORDER re ALERTS** <br><br><br> Case No. 2:08-cv-993 CW <br><br> Judge Clark Waddoups |

Defendants have contended that if Duke alerted *as* he was entering the vehicle it can constitute part of the alert for probable cause. In *United States v. Sharp*, 689 F.3d 616 (6th Cir. 2012), a drug detection dog entered a vehicle through an open window. "The dog's handler testified that it is 'usual' for the dog to jump into a vehicle through an open window if there is an odor but that he will not jump into the vehicle if there is not an odor." *Id.* at 620. Notably, however, the Court concluded the dog's entry into the vehicle had not been facilitated by the dog handler. Thus, a leap can constitute part of an alert if appropriate foundation is laid about the dog's proclivity and the leap was not facilitated.

If a dog's entry into a vehicle was facilitated, however, the entry itself is tainted by improper police conduct. The Tenth Circuit has stated "[o]fficers may not . . . rely on a dog's alert if they open part of the vehicle so the dog can enter or if they encourage the dog to enter." *United States v. Ayala*, 446 Fed. Appx. 78, 80 (10th Cir. 2011). The relevant question then is

1

when did the leap into the vehicle happen relative to the facilitative conduct?  If it occurred after facilitation or during facilitation, the leap cannot establish probable cause.  Stated differently, no alert by Duke *as* he entered the vehicle or after he entered the vehicle will be recognized for purposes of probable cause if Trooper Bairett or Deputy Malcom facilitated Duke's entry into the vehicle.  Moreover, the Tenth Circuit noted the following in *Felders*,

> [I]n *Winningham*, we held that *both* officers facilitated the dog's entry into the car, even though it was the officer who did not conduct the sniff who actually opened the car doors. . . .  It is therefore irrelevant whether Malcom actually physically opened the door if he was aware that Bairett had intentionally kept the doors open to facilitate Duke's entry into the car.

*Felder v. Bairett*, 755 F.3d 870, 885 (10th Cir. 2014) (citing *United States v. Winningham*, 140 F.3d 1328, 1331 (10th Cir. 1998)) (emphasis in original).  The court will apply this statement by the Tenth Circuit as the law of the case.

On the other hand, Deputy Malcom may have a defense based on objective reasonableness if Trooper Bairett facilitated Duke's entry, but Deputy Malcom did not do so and was not aware of Trooper Bairett's actions.  Deputy Malcom would have to show that Duke alerted *as* he was entering the vehicle.  Included in the analysis would be whether Deputy Malcom laid sufficient foundation to show that a leap by Duke means he is in odor.  Absent adequate foundation, including training and actual experience, Deputy Malcom will be precluded from testifying to Duke's proclivity to leap into a vehicle when in odor.

DATED this 20th day of March, 2015.

BY THE COURT:

_____
Clark Waddoups
United States District Judge