UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHERIDA FELDERS, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> BRIAN BAIRETT, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 2:08-cv-993 CW <br><br> Judge Clark Waddoups |

## INTRODUCTION

This case involves a § 1983 action against Trooper Brian Bairett and Deputy Jeff Malcom. Following a traffic stop, Sherida Felders and her passengers Elijah Madyun and DeLarryon Hansend contend the officers improperly searched the vehicle and their belongings.[1] A jury concluded Trooper Bairett's conduct was unlawful but Deputy Malcom's was not. Now before the court are the parties' post-trial motions for judgment as a matter of law and other related matters. The court denies the motions for judgment as a matter of law and concludes Plaintiffs are entitled to certain attorney fees because Trooper Bairett did not make a proper Rule 68 offer of judgment.

---

[1]  A more detailed background of the case is provided in *Felders v. Bairett*, 885 F. Supp. 2d 1191 (D. Utah 2012) and *Felders v. Bairett*, 755 F.3d 870 (10th Cir. 2014).

## PROCEDURAL BACKGROUND

Trooper Bairett pulled Sherida Felders over for speeding.  He then continued to detain her for additional questioning and to allow a dog sniff to be conducted of Ms. Felders' vehicle. When Deputy Malcom deployed Duke, the dog entered an open passenger door.   While inside the vehicle, Duke alerted to the odor of drugs, but no drugs or drug paraphernalia were found during an extensive search of the vehicle.  Although Duke alerted while inside the vehicle, the issues before the court were (1) whether Duke alerted before entering the vehicle, thus establishing probable cause for the search, and (2) whether Trooper Bairett and Deputy Malcom facilitated Duke's entry into the vehicle.  A jury trial was held on March 23, 2015 through March 27, 2015, during which the jury responded to questions as follows:

1. "Did Duke alert before he entered the vehicle?"  The jury answered "*No*."

2. "Did Trooper Bairett by his actions facilitate Duke's entry into the vehicle?"  The jury answered "*Yes*."

3. Did Trooper Bairett by his actions intend to aid Duke's entry into the vehicle?"  The jury answered "*Yes*."

Special Verdict Form, ¶¶ 1-3 (Dkt. No. 351).  Trooper Bairett was therefore found liable for conducting an unlawful search.  In contrast, the jury concluded that Deputy Malcom did not facilitate Duke's entry into the vehicle and that he was unaware of Trooper Bairett's intentional actions.  *Id.* ¶¶ 4-5.  Thus, Deputy Malcom was found not liable.

The jury also answered the following Special Interrogatory:  "Did Duke alert *as he was entering* the vehicle as opposed to *before he leaped* into the vehicle."  *Id.* ¶ 12 (emphasis in original).  The jury answered "Yes."  *Id.*  The interrogatory was submitted due to Deputy Malcom's assertion that Duke alerted as he entered the vehicle.  Based on the jury's verdict and other related matters, the parties filed post-trial motions, which the court addresses below.

## ANALYSIS

## I.   TROOPER BAIRETT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Trooper Bairett contends he is entitled to judgment as a matter of law based on qualified immunity.  Specifically, he contends there was no constitutional violation because Duke's alert as he entered the vehicle established probable cause.  Alternatively, Trooper Bairett contends no clearly established law would have put him "on notice that Duke's alert 'as he was entering' the vehicle did not establish probable cause."  Mem. in Supp. of Mot for Jdmt., at ii (Dkt. No. 360).  Before addressing the legal aspects of Trooper Bairett's argument, the court addresses the definition of "as he was entering."

According to Trooper Bairett, "as he was entering" may mean Duke was "entirely outside the vehicle in the act of leaping, or he may have been mid-air during his leap."  *Id.* at 4. The court disagrees with these assertions.  The jury found Duke did not alert before he entered the vehicle.  Special Verdict Form, ¶ 1 (Dkt. No. 351).  He therefore could not have been "entirely outside of the vehicle in the act of leaping" because that would have been "before" Duke entered the vehicle.  Moreover, if Duke was "mid-air during his leap," but still fully outside of the vehicle, that also would have been "before" entering.  "As he was entering" therefore contemplates Duke was at least partially within the vehicle when he alerted.  This fact is born out by the language of the Special Interrogatory which helped define "as he was entering" by stating what it was not.  "As he was entering" did not include the point in time "before he leaped *into* the vehicle."  (Emphasis modified.)  It has therefore been factually established that Duke was at least partially within the vehicle before he alerted.

Turning now to the legal aspects of a lawful search, "[a] drug dog sniff outside a car

3

during a lawful traffic stop is not a search." *Felders*, 755 F.3d at 880 (citing *Illinois v. Caballes*, 543 U.S. 405, 409 (2005)).  When a dog positively alerts during an exterior sniff of a vehicle, it "is generally enough, by itself, to give officers probable cause to search the vehicle." *Id.* (quotations and citations omitted).  At times, a drug dog will spontaneously or instinctively leap into a car when sniffing for drugs and then positively alert for the first time while in the vehicle.  The Tenth Circuit has concluded such instinctive actions by a dog do "not violate the Fourth Amendment."  *United States v. Stone*, 866 F.2d 359, 364 (10th Cir. 1989).

"But it is equally well-established that officers cannot rely on a dog's alert to establish probable cause if the officers open part of the vehicle so the dog may enter the vehicle or otherwise facilitate its entry."  *Felders*, 755 F.3d at 880 (citations omitted).  Stating these distinctions more fully:

> [A] trained dog's alert from areas where the motorist has no legitimate expectation of privacy – the exterior of the car or the interior of the car that the motorist has voluntarily exposed to the dog – provides insufficient probable cause to search the interior. But where there is evidence that it is not the driver but the officers who have created the opportunity for a drug dog to go where the officer himself cannot go, the Fourth Amendment protects the driver's *right to privacy to the interior compartment* until the dog alerts *from the exterior of the car*.

*Id.* (quotations, citations, and alterations omitted).

Trooper Bairett contends the law has only been established about the effects of alerts on the exterior of a vehicle and alerts in the interior of the vehicle.  Because no case has ever addressed whether an alert establishes probable cause when the alert happens while the dog is in the act of entering the vehicle (namely, partly in and partly out of the vehicle), he was not on notice that his subsequent search was unlawful.

Trooper Bairett's focus on how far Duke entered the vehicle before he alerted is not the

4

relevant point. "[F]acilitating a dog's entry into a vehicle without first establishing probable cause constitutes an improper search." *Felders*, 755 F.3d at 885 (citing *United States v. Winningham*, 140 F.3d 1328, 1330-31 (10th Cir. 1998)). Thus, unless an exterior alert occurred, Plaintiffs had a right to privacy of the interior compartment. The jury concluded there was no exterior alert. Moreover, the jury found Trooper Bairett intentionally facilitated Duke's entry into the vehicle by precluding the passengers from closing the car doors. Had Trooper Bairett not taken such actions, there would have been no door open for Duke to enter even partially. Duke's alert while partially inside the vehicle was therefore tainted by Trooper Bairett's unlawful facilitation of his entry. Because the law was well-established about the effects of facilitation at the time of the search, the court denies Trooper Bairett's motion for judgment as a matter of law.

## II. PLAINTIFFS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, OR ALTERNATIVELY, FOR A NEW TRIAL

### A. Motion for Judgment under Rule 50(b)

Plaintiffs move for judgment against Deputy Malcom under Rule 50(b). "Judgment as a matter of law is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the nonmoving party's position." *Elm Ridge Expl. Co., LLC v. Engle*, 721 F.3d 1199, 1216 (10th Cir. 2013) (quotations and citation omitted). When reviewing the evidence, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000) (citations omitted).

Here, the traffic stop and subsequent search were recorded by a video cam in Trooper Bairett's vehicle. The video showed Deputy Malcom's deployment and handling of Duke. Plaintiffs contend the video is so conclusive about Deputy Malcom's facilitation, that all other

5

related evidence at trial should be disregarded because it lacks credibility. The video provides some evidence that Deputy Malcom facilitated Duke's entry into the vehicle. The video is not so conclusive, however, that it only points one way without being susceptible to another interpretation. Moreover, Wendell Nope testified as an expert that Deputy Malcom properly handled Duke during his deployment. The jury also heard testimony that Duke did not like to jump into vehicles due to his size and as a habit did not do so unless he was following a drug odor. Finally, Deputy Malcom testified that Duke spontaneously entered into the vehicle without his prompting, and it is not for the court to weigh his credibility under a Rule 50(b) motion. Thus, while the video could have supported that Deputy Malcom facilitated Duke's entry into the vehicle, the video and other evidence were susceptible to other inferences as well.

Plaintiffs further contend judgment must be entered against Deputy Malcom because the jury found there was no exterior alert and Deputy Malcom did not stop Duke from entering the vehicle. Unless Deputy Malcom facilitated Duke's entry into the vehicle or knew that Trooper Bairett facilitated Duke's entry, he was under no obligation to preclude Duke from instinctually leaping into the vehicle. *See United States v. Moore*, 795 F.3d 1224, 1232 (10th Cir. 2015). The jury found in favor of Deputy Malcom on both points.

Nevertheless, Plaintiffs assert Deputy Malcom should not be permitted to assert Duke spontaneously entered the vehicle because that defense was never asserted until trial. The court disagrees. Deputy Malcom was interviewed about the search on January 6, 2009, before he was named as a party to this litigation. During that interview, Deputy Malcom told the investigator that Duke "started the sniff out, started on the back passenger side, I believe, *just went in*." Audio CD of Interview (Dkt. Nos. 56-2 and 120) (emphasis added). Additionally, in a January 14, 2011 affidavit, Deputy Malcom attested that Duke "spontaneously jumped inside

6

the rear door of Ms. Felders' vehicle." Malcom Aff'd, ¶ 21 (Dkt. No. 115). Plaintiffs therefore had notice that Deputy Malcom was asserting Duke spontaneously entered the vehicle without his prompting or facilitation. At trial, Deputy Malcom did not have to use specific terms of art such as "spontaneous" or "instinctual" entry to show Duke entered on his own. Absent facilitation by Deputy Malcom, this is implied. Accordingly, Plaintiffs are not entitled to judgment as a matter of law against Deputy Malcom.

    **B.**    **Motion for New Trial Under Rule 59(a)**

In the alternative, Plaintiffs move for a new trial under Rule 59(a) on the basis that the jury verdict is internally inconsistent. It is the court's obligation to "reconcile the jury's findings, by exegesis if necessary," while remaining true to the jury's factual findings. *Johnson v. ABLT Trucking Co.*, 412 F.3d 1138, 1144 (10th Cir. 2005) (quotations and citations omitted). A new trial may only be granted if a court cannot reconcile a jury's answers. "To be irreconcilably inconsistent, the jury's answers must be logically incompatible, thereby indicating that the jury was confused or abused its power." *Id.* (quotations and citation omitted). "A jury's verdict may not be overturned merely because the reviewing court finds the jury's resolution of different questions in the case difficult, though not impossible, to square." *Id.* (citation omitted).

Plaintiffs contend the jury verdict is inconsistent because the jury found there was no exterior alert, even though Deputy Malcom testified there was an exterior alert, yet the jury also found that Deputy Malcom was not liable for Duke's entry into the car. First, a jury may choose to credit part of a person's testimony and discredit another portion, as long as there is sufficient evidence to support the jury's conclusion. Additionally, the jury's conclusions that Duke did not alert on the exterior, but did alert as he was entering the vehicle, are consistent

because the one answer pertained to Duke being fully outside the vehicle and the other answer pertained to Duke being partially within the vehicle.

Finally, as stated above, Duke could enter the car, without liability attaching to Deputy Malcom, as long as Deputy Malcom did not facilitate Duke's entry and did not know that Trooper Bairett had done so.[2]   The jury's verdict is consistent that Deputy Malcom did not facilitate entry and that he did not know Trooper Bairett did.   The court therefore denies Plaintiffs' motion for a new trial under Rule 59(a).

## III.   PLAINTIFFS' RULE 59(e) MOTION TO ALTER OR AMEND THE JUDGMENT

Plaintiffs next contend the jury's verdict should be construed in a manner to effectuate justice pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which allows a court to alter a judgment to "prevent manifest injustice."   *FTC v. Chapman*, 714 F.3d 1211, 1219 (10th Cir. 2013) (quotations and citation omitted).   Specifically, Plaintiffs assert "[Deputy] Malcom must be found liable for permitting his dog to enter the vehicle prior to a positive alert from the exterior of the vehicle."   Mem. in Supp. of Mot., at 3 (Dkt. No. 369).   Plaintiffs base their assertion on the fact that Deputy Malcom said Duke alerted on the exterior of the vehicle, but the jury rejected that assertion.   Moreover, as a trained dog handler, Plaintiffs assert Deputy Malcom should have known it was impermissible to allow Duke to enter the vehicle.

Again, however, a dog's entry into a vehicle is permissible as long as an officer did not

---

[2]   The question of whether Deputy Malcom was personally liable under § 1983 is based on a civil statute.   Under a civil statute, the unlawful conduct of one officer is not imputed to another.   Rather each person's conduct is evaluated to determine individual liability.   In contrast, if Duke's entry had arisen in a criminal matter, the question would have been whether Trooper Bairett's improper facilitation so tainted the search as to warrant suppression of evidence regardless of Deputy Malcom's actions.   Notably, however, the latter issue never arose because the thorough search did not yield any evidence of criminal activity.

facilitate that dog's entry.  The jury found Deputy Malcom did not facilitate Duke's entry, nor did he know that Trooper Bairett did.  Thus, even as a dog handler, Deputy Malcom had no obligation to preclude Duke from entering the vehicle and such entry was not illegal with respect to Deputy Malcom.  The court therefore denies Plaintiffs' Rule 59(e) motion.

## IV.   PLAINTIFFS' MOTION TO BE DEEMED THE PREVAILING PARTIES AND TO STRIKE ALLEGED OFFER OF JUDGMENT

### A.   Motion re Prevailing Party Determination

Plaintiffs contend they should be deemed the prevailing parties against both Trooper Bairett and Deputy Malcom.  Under 42 U.S.C. § 1988, the court "may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."  The Supreme Court has stated "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  *Farrar v. Hobby, Jr.*, 506 U.S. 103, 109 (1992) (quotations and citations omitted).  This means a "plaintiff must obtain at least some relief on the merits of his claim," such that the plaintiff "obtain[s] an enforceable judgment against the defendant from whom fees are sought."  *Id.* at 111 (citations omitted).  The court has held even nominal damages meet this requirement because "the prevailing party inquiry does not turn on the magnitude of the relief obtained."  *Id.* at 114.

With respect to Trooper Bairett, the jury found him liable for an unconstitutional search and awarded Ms. Felders $15,000 in damages and both of her passengers nominal damages.  Such damages will be enforceable through a judgment.  Moreover, the court has denied Trooper Bairett's Motion for Judgment as a Matter of Law.  The court therefore concludes Plaintiffs are the prevailing parties against Trooper Bairett.

In contrast, the jury found Deputy Malcom was not liable.  Plaintiffs were awarded no

damages for any of his conduct and they have no enforceable judgment against him. Additionally, the court has denied Plaintiffs' Motion for Judgment as a Matter of Law and Motion for a New Trial as it pertains to Deputy Malcom.  It also has denied Plaintiffs' Rule 59(e) Motion to Alter or Amend the Judgment.  Thus, even though the jury did not credit Deputy Malcom's testimony that Duke alerted on the exterior of the vehicle, he prevailed against Plaintiffs' claim that his conduct was unlawful.  The court therefore denies Plaintiffs' motion to deem them the prevailing parties against Deputy Malcom.

**B.      Motion re Offer of Judgment**

Although Plaintiffs have been deemed the prevailing parties against Trooper Bairett, an issue exists about whether Trooper Bairett made a formal offer of judgment.  Rule 68 states, "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a) (2016).  Then, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  *Id.* at 68(d).  Moreover, "the Supreme Court [has] held that a prevailing civil rights plaintiff, who recovers an amount less than the defendant's Rule 68 offer of judgment, cannot recover his post-offer attorney's fees pursuant to 42 U.S.C. § 1988."  *Crossman v. Marcoccio*, 806 F.2d 329, 333 (1st Cir. 1986) (citing *Marek v. Chesny*, 473 U.S. 1 (1985)).

In this case, Trooper Bairett made an offer to settle the case on February 26, 2009.  He offered for judgment to be taken against him in the amount of $20,000 for Ms. Felders and $2,500 for each of her passengers.  Offer, at 1-2 (Dkt. No. 358-3).  At trial, Ms. Felders only recovered $15,000 and her passengers only recovered nominal damages of $1.00 each.  Thus, Plaintiffs' judgment against Trooper Bairett was not more favorable than his offer.

Plaintiffs contend, however, that Trooper Bairett's offer was an offer of compromise and not an offer of judgment. Plaintiffs filed their Complaint on December 29, 2008, but they did not serve Trooper Bairett. Instead, the parties entered into settlement discussions, resulting in the February 26, 2009 offer. After the offer expired, Plaintiffs still had to proceed with service. They obtained a Summons for Trooper Bairett on April 20, 2009. That Summons went unserved because Trooper Bairett waived service of process on May 8, 2009. He then filed an Answer on June 24, 2009. Because Trooper Bairett made his offer after the complaint was filed, but before he was served, the issue before the court is whether his offer was an offer of compromise or an offer of judgment.

Courts have stated "a Rule 68 offer of judgment must be made after the legal action has been commenced. Offers of compromise made before suit is filed do not fall within the rule." *Clark v. Sims*, 28 F.3d 420, 424 (4th Cir. 1994) (citing *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990); 12 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure: Civil* § 3003 (1973)). Trooper Bairett contends his offer met the requirement because it was made after suit was commenced. None of the cases cited by Trooper Bairett, however, address the precise issue of whether a person meets the definition of a "party defending against a claim" before he has been served.

Two cases cited by Trooper Bairett involved defendants who had been served and were within the jurisdictional power of the court at the time the Rule 68 offer was made. *See Roska v. Sneddon*, 366 Fed. Appx. 930, 931-32 (10th Cir. 2010) (stating the Complaint was filed in October 1999 and the first offer of judgment was made on June 26, 2000); *Crossman*, 806 F.2d at 330 (stating "the named defendants *answered the complaint* and, in accordance with Fed. R. Civ. P. 68, *simultaneously filed* with the court an offer of judgment") (emphasis added).

11

Two other cases cited by Trooper Bairett involved settlement offers that were made before a complaint was filed. C*lark*, 28 F.3d at 424 (finding an offer was invalid under Rule 68 because it was made before the plaintiffs filed their complaint); *Cox*, 919 F.2d at 358 (citations omitted) (same). Those cases, therefore, did not focus on the question before the court.

Trooper Bairett also addressed one other case, which held that an offer made within an Answer does not constitute a Rule 68 offer. The case reiterates the same statements discussed above: "an offer to compromise is an offer *before* commencement of the action under Rule 3; an offer of judgment is an offer *after* the commencement of the action as provided in Rule 3." *Maguire v. Fed. Crop Ins. Corp*., 9 F.R.D. 240, 242 (W.D. La. 1949) (emphasis in original), *rev'd in part on other grounds*, 181 F.2d 320, 321 (5th Cir. 1950). Notably, however, the case also states:

> It would seem that under that Rule (first sentence)—"a party defending against a claim"—*could only be a party who has been made a defendant by service of process* and citation under Rules 4 and 5; and it is only when a party is a defendant as such and within ten days before trial that an offer of judgment contemplated by Rule 68 may be timely served as provided by Rule 5.

*Id.* (citation omitted) (emphasis added). Read in context, the case stands for the proposition that mere commencement of a suit is not enough. A person must be brought within the jurisdiction of the court before he constitutes "a party defending against a claim." The court finds the latter reasoning persuasive.

If a person drafts a complaint and gives it to the named defendant, but does not file it with the court, the complaint has no legal effect. It is merely a discussion piece between the parties. Thus, the cases cited above state that any offer of settlement before the suit is filed does not constitute a Rule 68 offer. Similarly, if a person drafts a complaint, files it with the court, yet does not properly serve it, the complaint again has no legal effect against the named

12

defendant.  *Cooper v. Wade*, No. 94-3262, 1995 U.S. App. LEXIS 147, at *3 (10th Cir. Jan. 6, 1995) (stating if a person has not been served, "he is not a party to the litigation and cannot be held liable").  If no other action were taken by the plaintiff, the court would dismiss the suit without the named defendant ever becoming an actual participant in the case before the court. It is not until a suit has been commenced *and* a person has been served or waived service that the law recognizes the person as "a party defending against a claim."  Only then does the court have authority to take action against that person.

This interpretation of a "defending party" harmonizes with another requirement of Rule 68.  It requires a Rule 68 offer to allow judgment to be taken against the defendant, and as soon as notice of acceptance is filed, for the clerk to enter judgment.  If a person is not a party, and the court has no jurisdiction over him, the mandate to enter judgment upon notice of acceptance of the offer cannot be fulfilled.  Thus, the language of Rule 68 appears to contemplate both that suit has been commenced and that a defendant has been served or otherwise waived service.

Trooper Bairett contends such a construction would encourage plaintiffs to file a complaint, withhold service, run up litigation costs, and only then consider a Rule 68 offer. Were a defendant unable to waive service and file a notice of appearance, Trooper Bairett's contention may have merit.  Nothing, however, precludes a named defendant from immediately waiving service once he becomes aware a complaint has been filed.  The waiver would constitute an acknowledgment that he is within the jurisdiction of the court and required to defend.  With his legal rights now being at issue, the defendant can make an offer of judgment in an effort to resolve the matter.

The court is mindful "that the underlying purpose of Rule 68 is to encourage settlement

of disputes and avoid protracted litigation." *Crossman*, 806 F.2d at 332 (citations omitted).

Moreover, it is apparent Trooper Bairett attempted to accomplish that purpose by making a

reasonable offer of settlement.  Based on the specific requirements of Rule 68, however, the

court concludes that Trooper Bairett's offer was one of compromise and not one of judgment

under Rule 68.

### V.     PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS AND TROOPER BAIRETT'S MOTION TO STRIKE PLAINTIFFS' MOTION

Plaintiffs filed a Motion for Attorney Fees and Costs.  Because the motion was filed

before judgment has been entered, Trooper Bairett has moved to strike the motion.  He also has

requested that if his motion is not granted, he be afforded a reasonable period of time to

respond to Plaintiffs' motion.  The court has concluded that a Rule 68 offer of judgment was

not made.  Consequently, attorney fees and costs under 42 U.S.C. § 1988 are not barred and

such a motion will otherwise have to be heard.  The court therefore denies the motion to strike,

but grants Trooper Bairett's request that he be given leave to file an opposition memorandum.

In turn, Plaintiffs are granted leave to file a reply memorandum.

The parties' briefing should address the motion in light of the court's other rulings

within this memorandum.  This includes addressing whether the rulings with respect to Deputy

Malcom should impact the attorney fee amount.   Additionally, the court is aware that a

reasonable offer of settlement was made early in the case.  The court is further aware that case

law had not addressed the nuance of offers made after a case is filed, but before a defendant is

served.  The court therefore requests that the parties address how these factors should be

balanced with other relevant factors, and provide citation to supporting law for any positions

that are taken.  Trooper Bairett's opposition brief shall be filed on or before September 16,

2016.  Plaintiffs' reply brief shall be filed on or before September 30, 2016.

## VI.   DEPUTY MALCOM'S OBJECTION TO PLAINTIFFS' PROPOSED JUDGMENT

Plaintiffs sent Deputy Malcom a proposed judgment that states Deputy Malcom is liable for damages and required to pay attorney fees and costs.  Deputy Malcom filed an Objection to it because it did not conform to the jury's verdict.  Based on the court's rulings above in favor of Deputy Malcom, the court sustains the Objection.

## CONCLUSION

For the reasons stated above:

1.     Trooper Bairett's Motion for Judgment (Dkt. No. 347) and Renewed Motion for Judgment as a Matter of Law are DENIED.  (Dkt. No. 360).

2.     Plaintiffs' Motion for Judgment as a Matter of Law against Deputy Malcom and also Plaintiffs' alternative Motion for a New Trial are DENIED.  (Dkt. No. 354).

3.     Plaintiffs' Rule 59(e) Motion to Alter or Amend the Judgment is DENIED. (Dkt. No. 369).

4.     Plaintiffs' Motion to Deem Plaintiffs to be the Prevailing Party is GRANTED IN PART and DENIED IN PART.  (Dkt. No. 358).  The court GRANTS the motion with respect to Trooper Bairett.  The court DENIES the motion with respect to Deputy Malcom.

5.     Plaintiffs' Motion to Strike or Deem Ineffective Trooper Bairett's Alleged "Offer of Judgment" is GRANTED.  (Dkt. No. 358).

6.     Trooper Bairett's Motion to Strike Plaintiffs' Motion for Attorney Fees is DENIED.  (Dkt. No. 373).  He is granted leave to file an opposition to Plaintiffs' Motion for Attorney Fees and Enhanced Fees and Costs.  The opposition brief shall be filed on or before **September 16, 2016**.  Plaintiffs' reply brief shall be filed on or before **September 30, 2016**.

7.      Deputy Malcom's Objection to Plaintiffs' Proposed Judgment on Special Jury Verdict is SUSTAINED.  (Dkt. No. 365).

The Clerk of Court is directed to enter judgment in conformance with the jury's verdict, which finds Trooper Bairett liable and Deputy Malcom not liable.  The Clerk of Court is further directed to enter judgment that Plaintiffs are the prevailing party against Trooper Bairett for purposes of attorney fees and costs.

DATED this 26th day of August, 2016.

BY THE COURT:

_____

Clark Waddoups
United States District Judge