UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHERIDA FELDERS, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIAN BAIRETT, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER re MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS**<br><br>Case No. 2:08-cv-993 CW<br><br>Judge Clark Waddoups |

On October 15, 2016, Defendant Jeff Malcom timely filed a Bill of Costs in which he sought a total of $8,903.08 (Dkt. No. 424). Plaintiffs objected and moved to strike the Bill of Costs. (Dkt. No. 425). Defendant Malcom opposed the motion and filed an Amended Bill of Costs seeking a reduced amount of $1,039.08. (Dkt. No. 428). In response, the Clerk of Court disallowed some of the requested costs and taxed costs of $923.65. (Dkt. No. 429). Now before the court is Plaintiffs' objections (Dkt. No. 425) and Plaintiffs' Motion for Review of the Clerk's Taxation of Costs. (Dkt. No. 430).

Plaintiffs observe that the Clerk has "rectified and properly disallowed 96% of the expenses Defendant Malcom attempted to claim as costs." (Dkt. No. 430, p. 1). Plaintiffs claim, however, that the awarded costs should also be disallowed. First, Plaintiffs argue that no costs should be allowed because Defendant Malcom was not the prevailing party. (Dkt. No. 430, p. 2–4). The court previously rejected this argument and found that Malcom was the prevailing party on the claims asserted against him. (Dkt. No. 403, p. 9-10). None of the

1

arguments made by Plaintiffs supports that the court erred in this decision.

Second, Plaintiffs argue that Defendant Malcom's Bill of Costs should be disallowed because he failed to "(i) clearly and concisely itemize and describe the costs [and] (ii) set forth the statutory basis for seeking reimbursement" (Dkt. No. 430, p. 4-5) (citation and quotation marks omitted). Plaintiffs further argue that, although the initial Bill of Costs was filed timely, the Amended Bill of Costs which complied with the rule was untimely and should be stricken. (Dkt. No. 430, p. 5). The Clerk found that Defendant Malcom had cured any deficiencies in the original Bill of Costs and declined to deny the request on that ground. (Dkt. No. 429, p. 2). Plaintiffs fail to cite any prejudice or confusion resulting from Defendant Malcom's Amended Bill of Costs. Plaintiffs' claim that they did not have timely notice ignores that all of the costs awarded were included in the original Bill. Indeed, in the amendment, Malcom recognized that some amounts in the original Bill were not appropriate and withdrew them. Thus, Plaintiffs benefitted from the amendment. Plaintiffs fail to cite any authority that the court is required to strictly construe the local rules to deny costs absent a showing of prejudice to the Plaintiffs. The court finds that the Clerk correctly taxed costs as allowed by the rule, rejects Plaintiffs' objection and DENIES the Motion for Review.

DATED this 25th day of January, 2017.

BY THE COURT:

_____
Clark Waddoups
United States District Judge