UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHERIDA FELDERS, et al., Plaintiffs, vs. BRIAN BAIRETT, et al., Defendants. | **MEMORANDUM DECISION AND ORDER re ATTORNEYS FEES AND COSTS** Case No. 2:08-cv-993 CW Judge Clark Waddoups |

## INTRODUCTION

This matter is before the court on Plaintiffs' Motion for Attorney Fees (Dkt. Nos. 361 and 413). The court has carefully reviewed the motions and supporting evidence, the opposition memoranda and evidence, and considered the oral argument of counsel and supplemental filings. The court previously ruled that the Plaintiffs are the prevailing parties with respect to Defendant Bairett, but not with respect to Defendant Malcom, and rejected Defendant Bairett's Motion to Strike the Motion for Attorney Fees on the basis of an alleged Offer of Judgment. (Dkt. No. 403).

In a federal civil rights action, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."  42 U.S.C. §1988(b). Section 1988 provides for attorney fees to be awarded to the prevailing plaintiffs in an action brought under 42 U.S.C. §1983. The purpose of the statute is to encourage competent counsel to pursue civil rights cases to vindicate the rights of parties whose constitutional rights have been violated, but

who would otherwise likely lack the financial means to protect those rights and seek an appropriate remedy for the violation. *See City of Riverside v. Rivera*, 477 U.S. 561, 574–75 (1986). In considering a request for such an award, the court must determine what is a reasonable fee generally by beginning with a "lodestar" figure based on multiplying the hours counsel reasonably spent on the litigation times a reasonable hourly rate. *Jane L. v. Baangerter,* 61 F.3d 1505, 1509 (10th Cir. 1995). Both of these factors are to be judged by the complexity of the issues raised and the experience of counsel involved. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The request for attorney fees must be supported by detail specifying the dates, tasks accomplished, and the time spent on the various tasks. *Jane L.*, 61 F.3d at 1510. The same support is required for fees and costs claimed for secretarial and paralegal assistance. *Missouri v. Jenkins by Agyei,* 491 U.S. 274, 285 (1989).

Once the court determines the lodestar amount, the court may in its discretion adjust the fee to be awarded by taking into account the result achieved, the complexity of the litigation, the time required to bring the litigation to conclusion and other factors such as unnecessary duplication of effort, delay, and the importance of the rights being protected. *Hensley*, 461 U.S. at 434–36. In this case, Defendant Bairett does not contest that attorney fees may be awarded in a civil rights case, but does object to the amount of fees being requested, arguing that they are excessive and unreasonable under the facts of this case.[1]

### The Lodestar Amount

In this case Plaintiffs' counsel incurred a total of 1,431 hours in attorney time from the commencement of the case through September 28, 2016. At the hourly rates in effect at the

---

[1] Defendant Bairett's objections that the Plaintiffs were not prevailing parties and their request for those fees should be denied and reduced because Bairett made an Offer of Judgment have been previously rejected by the court. (Dkt. No. 403).

time the services were provided, the amount of attorney fees was $480,570 before any reduction or adjustments. (Dkt. No. 435, Schedule 1). The fee amount is supported by detailed billing records and sworn statements (declarations or affidavits) from the counsel providing the service. (Dkt. Nos. 361, 435). Plaintiffs further request that the lodestar amount of $480,570 be enhanced by $22,577 to a total, prior to adjustment, of $503,147 to account for the increase in billing rates by Plaintiffs' attorneys from the time the services were provided to the time the fees are now being requested. (Dkt. No. 435, Schedules 1 and 2).

### *Defendant Bairett's Objections and the Court's Adjustment to the Fees*

The amount of itemized lodestar fees included time spent in pursuing claims against both Defendants Bairett and Malcom. As noted, the court found that Plaintiffs were not the prevailing parties against Defendant Malcom and denied any request for attorney fees against him. Defendant Bairett submitted an opposition to the request for attorney fees, including a detailed and careful analysis in a spreadsheet format classifying fees for attorney time as (1) reasonable, (2) not compensable because they apply only to Defendant Malcom, (3) not compensable because they were incurred for public relations or unrelated and unsuccessful claims, and (4) not compensable because they are not adequately supported in the billing records ("block billing"). Based on this analysis, Defendant Bairett argues that the allowable attorney fees should not exceed $131,372.50. (Dkt. No. 406 and attached exhibits).  Defendant Bairett objects to the amount of attorney fees requested principally on grounds that (1) the lodestar amount includes fees that were unnecessarily incurred, (2) fees incurred in pursuing claims against Defendant Malcom should be excluded, (3) fees related to public relations should not be allowed, and (4) the fees allowed should be reduced to reflect the result and failure of Plaintiffs to accept offers to settle the case.

3

The court heard argument on Plaintiffs' motion for attorney fees and Defendant Bairett's objections and at the conclusion of the hearing requested counsel to provide additional information, including additional detail on the time spent pursuing claims against Defendant Malcom. (Dkt. No. 434). In response, Plaintiff provided an additional Affidavit of Robert B. Sykes Regarding Allocation of Attorney Time to Malcom. (Dkt. No. 435). In that Affidavit, Mr. Sykes responded to the following issues and requests raised by the court during the oral argument:

> a. Divide out and show from all the submissions time essentially dedicated to motions for summary judgment regarding Malcom, as opposed to the other Defendant, Bairett.
> b. Divide out and show time relating to defending the Malcom appeal to the Tenth Circuit.
> c. Provide the court some kind of a spreadsheet whereby the court would move time around if it wished to do so, since the court informed counsel that no time would be awarded for matters directly relating to prosecuting the case against Malcom. However, the court also noted that this does not require counsel to split out time for general case and trial preparation. Only the time exclusively and directly dedicated to proving or defending the case against Malcom was to be separated out.
> d. Provide further explanation for the 3% deduction that counsel deducted for duplications.

*Id.* (emphases omitted).

Mr. Sykes testified that in response to these requests, he and his staff most familiar with work done to prosecute the case identified the time spent responding to motions for summary judgment directed solely at Defendant Malcom and responding to his appeal to the Tenth Circuit, time spent exclusively for the case against Defendant Bairett, and time spent directed at issues argued by Defendant Bairett as not necessary to pursue the claims. In addition, Mr. Sykes testified that they carefully reviewed all of the time to determine if the requested fees were correct and to eliminate duplication. Mr. Sykes further testified that upon review of the time Defendant Bairett claimed should be disallowed, because it was devoted to pursuing the

4

claim against Defendant Malcom, he deducted those amounts and added significant additional time to the reduction. Finally, Mr. Sykes reduced the time claimed by an additional three percent and explained this was to address duplication and inefficiencies that are unavoidable in such a representation, such as discussing the case in firm meetings. Defendant Bairett has not filed an objection or further response to the Affidavit Mr. Sykes submitted.

Upon review of the supporting information and arguments of counsel, the court makes the following findings:

1.    The request for attorney fess is properly supported by detailed billing records and supporting affidavits and declarations. The hourly rates claimed are consistent with fees charged by attorneys with similar skill, education, and experience. The billing rates claimed are supported by the affidavits and declarations of other attorneys who are experienced and practice in this area of law. (Declaration of Kathryn Collard, Dkt. No. 371; Affidavit of Ross C. Anderson, Dkt. No. 372; Declaration of James W. McConkie II, Dkt. No. 378; Declaration of Karra J. Porter, Dkt. No. 379).

2.    Plaintiff should recover enhanced fees to account for the length of time required to bring the ligation to a resolution. The complaint in this case was filed December 29, 2008, more than eight years prior to the award of attorney fees. Prior to the case being brought to trial, defendants filed numerous motions that required significant briefing and argument. These motions included a motion to dismiss (Dkt. No. 6), a motion to extend time to complete discovery (Dkt. No. 47), a motion for summary judgment Defendant Bairett (Dkt. No. 79), a motion for summary judgment filed by Defendant Malcom (Dkt. No. 113), an interlocutory appeal filed by Defendant Malcom resulting in a stay of the case pending resolution of the appeal (Dkt. Nos. 166 and 174), and numerous other motions related to discovery and

corresponding issues. Because of the appeal, the case was stayed for almost seventeen months from March 29, 2013 until August 20, 2014.  Plaintiffs prevailed on the appeal, and the case was remanded for trial. Following the appeal, additional discovery and pretrial issues were required to prepare for trial, which proceeded on March 24, 2015 through March 27, 2015. Additional motions were filed post-trial. The court makes no finding that any of the motions were pursued by Defendants or Plaintiffs for purposes of delay or otherwise not brought in good faith, only that delay was incurred to address and bring to resolution the Plaintiffs' claims and defenses asserted. The court finds that because Plaintiffs' counsel incurred substantial time during the period of delay that could have been spent pursuing other matters and the hourly rate normally charged by Plaintiffs' counsel has increased, an enhanced fee is appropriate and the amount of $22,577 is reasonable to reflect what the hourly rate would be if the time were billed at current rates. This approach, as argued by Plaintiffs, avoids the need for a present value calculation to adjust for the delay in collecting for time spent over the eight year period. The court also finds that the enhancement is reasonable to provide an incentive for counsel to accept cases of constitutional and social importance that may result in protracted and heavily litigated proceedings. Absent the willingness of counsel to accept the risk of undertaking such litigation, Plaintiffs would not have been able to pursue claims to protect their constitutional rights and abuses of their constitutional rights would likely have gone unchecked. *City of Riverside v. Rivera,* 477 U.S. 561, 574 (1986). *See* Declaration of Kathryn Collard, Dkt. No. 371; Affidavit of Ross C. Anderson, Dkt. No. 372; Declaration of James W. McConkie II, Dkt.No. 378; Declaration of Karra J. Porter, Dkt. No. 379.  The Tenth Circuit recognized the importance of this social good in *Robinson v. City of Edmond,* 160 F.3d 1275, 1281 (10th Cir. 1998):

> It  goes without saying  that if a court's compensation  is not  adequate  to match what
> the   market will bear   for a lawyer's  services,   then competent lawyers will   go

elsewhere to offer their services. Such a result would do irreparable damage to our system of private enforcement of federal civil rights.

The requested enhancement in this case serves that purpose. Absent the willingness of Plaintiffs' lawyers to undertake the representation, the constitutional rights the jury found were violated by Defendant Bairett would have not been addressed.

3.     The court finds that the enhanced lodestar total of $503,147 should be reduced by the following amounts to reflect fees properly incurred as reasonable and necessary:

a.     $60,292.50 for time spent making or responding to motions for summary judgment and other motions directed solely at Defendant Malcom or responding to Malcom's appeal to the Tenth Circuit. This amount is supported by Plaintiffs' exclusion of time spent solely on Malcom matters as identified by Defendant Bairett and accepted by Plaintiffs as a reasonable adjustment. (Dkt. No. 435 ¶ 8.a.). Although there is a logical argument that the claims against Defendant Malcom were necessary to prevail on the claims against Defendant Bairett, the jury rejected those claims. As discussed below, the court has allowed a portion of fees for time spent pursuing the claims against both defendants as reasonable and necessary. The court rejects, however, the argument that time spent pursuing motions and appeals directed solely at Defendant Malcom would have been incurred absent his being joined as a defendant.

b.     $6,033 representing 50% of the time spent pursuing issues that applied equally to both defendants. This amount is supported by an estimate dividing time entries between Defendants Bairett and Malcom. (Dkt. No. 435 ¶ 8.d.). The court finds this is a reasonable allocation of the time spent and recognizes that the facts and legal issues involving the actions of Defendant Malcom would have needed to be explored even if he were not named as a defendant. The estimate of a 50% reduction is a reasonable reduction to address the additional

work required because both defendants were named.

  c.  $4,000 for time spent addressing a claim of racial profiling, which Plaintiffs acknowledge may be properly excluded from an award of attorney fees. This amount is supported by the estimate Plaintiffs' counsel provided. (Dkt. No. 435, Schedule 2).

  d.  $1,500 for time spent that Plaintiffs concede was directed toward public relations and properly excludable. This amount is supported by the estimate Plaintiffs' counsel provided. (Dkt. No. 435, Schedule 2).

  e.  $12,940 ($431,321.50 X 3%) to address necessary duplication and inefficiencies inherent in a case of this complexity and involving several attorneys who must coordinate time and efforts. Plaintiffs' counsel acknowledge that it is their practice to allow clients such a reduction as a matter of discretion to account for such inefficiencies. This amount is supported by the estimate Plaintiffs' counsel provided. (Dkt. No. 435, ¶ 13). The court finds that it is reasonable to reduce the lodestar amount by three percent to address duplication and reflect counsel's customary billing practices.

  f.  $20,919 ($418,381 X 5%) to address the result achieved, a $15,000 damage award, and the fact that Defendant Bairett presented settlement offers under which the case may have been resolved for an amount greater than the amount the jury awarded. The court also recognizes that Plaintiffs made several settlement offers in various amounts that were not favorably considered by Defendant Bairett. The court limits the reduction to five percent in recognition that although the dollar amount of the damage award was significantly less than the amount Plaintiffs seek in attorney fees, the constitutional issue protected by the suit is important to protecting society and alerting law enforcement of the requirement that it comply with the Fourth Amendment.

After the above adjustments to the lodestar amount, the court awards $397,462.50 as an attorney fee to Plaintiffs' counsel.

### *Paralegal and Clerk Expenses*

Plaintiffs request $52,492 as an award for expenses incurred for paralegal and clerk expenses. (Dkt. No. 435, Schedule 2). The Supreme Court has recognized that section 1988's provision for a "reasonable attorney's fee" is not limited to admitted members of the bar. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989). The award may include time incurred by "secretaries, messengers, librarians, janitors, and others whose labor contributes to the work product for which an attorney bills her client." *Id.* The Court specifically referenced the work done by paralegals and stated that such work should be awarded at the "same level of compensation that would be available from the market." *Id.* at 286. Plaintiffs have supported their request for paralegal and clerk expenses at the same level of detail as they provided to support the time spent by attorneys. The court finds that the requested expenses are supported by reasonably detailed billing records and affidavits. (Dkt. No. 361, Exs 1, 2, and 5).

Defendant Bairett objects to the expenses requested for paralegal and clerk time, identifying time he contends was spent on the claims against Defendant Malcom and time spent on public relations and work on unsuccessful claims that should be excluded. (Dkt.No. 406). The amount Defendant Bairett identifies as relating to time spent on the Malcom claims totals $14,399. The court has reviewed the time entries and finds that the time was spent on the Malcom claims and should properly be excluded from any award. The court has also reviewed the time entries for time Defendant Bairett contends was spent on public relations or unsuccessful claims. That amount totals $7,920. The time entries support that most of the paralegal time spent in this category appears to relate to claims against both defendants.

Accordingly, for the same reasons explained in discussion the similar reduction in attorney fees, the court finds that 50% of that amount should be excluded. After excluding the amounts as described, the amount claimed for paralegal and clerk expenses is $34,133. The court finds that the amount requested for paralegal and clerk expenses, as reduced, is reasonable and that the expenses were reasonably incurred and necessary to the representation of the Plaintiffs and the successful resolution of those claims against Defendant Bairett.  The court awards $34,133 for paralegal and clerk expenses.

### *Request to Tax Costs*

Plaintiffs include in their motion for attorney fees a request that the court also award costs for necessary litigation expenses in the amount of $6,253.88 under 42 U.S.C. § 1982, 28 U.S.C. §1920 and the Equal Access to Justice Act, 28 U.S.C. §2412(2). (Dkt. No. 361, p. 20). Plaintiffs previously filed a Bill of Costs requesting the same amount. (Dkt. No. 359). Pursuant to Rule of Civil Procedure 54, the Clerk of the Court may tax costs on fourteen days notice. The Bill of Costs is referred to the Clerk for resolution pursuant to Rule 54.

## CONCLUSION

For the reasons stated above:

1.      Plaintiffs Motions for Attorney Fees (Dkt. Nos. 361 and 413) are GRANTED, and Plaintiffs are awarded $397,462.50 as attorney fees.

2.      Plaintiffs Motions for an award for paralegal and clerk expense (Dkt. Nos. 361 and 413) are GRANTED, and Plaintiffs are awarded $34,133 for expenses incurred by paralegals and clerks.

3.      Plaintiffs Motion to award costs (Dkt. No. 361) and Bill of Costs (Dkt. No. 359) are referred to the Clerk for resolution.

DATED this 25th day of January 2017.

BY THE COURT:

Clark Waddoups
United States District Judge