UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHERIDA FELDERS, et al.,<br><br>                    Plaintiffs,<br><br>vs.<br><br>BRIAN BAIRETT, et al.,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER re MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL**<br><br>Case No. 2:08-cv-993 CW<br><br>Judge Clark Waddoups |

Defendant Brian Bairett moves the court to Stay Proceedings to Enforce a Judgment on Attorney's Fees and/or Stay the Court's Memorandum Decision and Order Awarding Attorney's Fees and Costs pending resolution of his appeal. (Dkt. No. 438.) Plaintiffs oppose the motion. (Dkt. No. 439.) Resolution of this motion is governed by Federal Rule of Civil Procedure 62. Under that rule a judgment is automatically stayed for 14 days after it is entered. To extend the automatic stay pending an appeal, a party typically must file a supersedeas bond. The court has the discretion to waive the requirement for a bond pending appeal generally if it is satisfied that the appellant has a net worth in excess of the judgment. The Seventh Circuit has stated the factors the court may look at to determine whether to waive the requirement as follows:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether "the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money"; and (5) whether the defendant is in such a precarious financial situation that

1

the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon v. City of Chicago,* 866 F.2d 902, 904 (7th Cir. 1988) (citations omitted). These same factors have been cited and applied by a district court in the Tenth Circuit. *Dutton v. Johnson Co. Bd. Of Comm'rs*, 884 F. Supp 431, 435 (D. Kan. 1995). In that case, the court recognized that the purpose of the supersedeas bond is to protect the judgment creditor from losses that may be caused by the delay. *Id.* This purpose can be satisfied without a supersedeas bond if the court is confident that that the judgment debtor will have the resources to satisfy the judgment if it is affirmed on appeal.

In this case, the court awarded Plaintiffs attorney fees, paralegal and clerk expenses totaling $431,595.50. Mr. Bairett does not argue that, as a Utah Highway Patrol Trooper, he would have the financial means to satisfy this award. His counsel represents, however, that the State of Utah has indemnified Mr. Bairett and has the funds to pay both the attorney fees award and any accrued interest. They represent that the State has reserved sufficient funds to pay the award. Mr. Bairett argues that this fact should satisfy the factors the court should consider and persuade the court to waive the bond requirement and stay execution on the fee award. Plaintiffs do not question the ability of the State to pay the award, but observe that there is no guaranty that the State will not change its mind and therefore Mr. Bairett should be required to post a bond or pay the amount of the award, plus interest, into the court registry.

Counsel for Mr. Bairett have not provided the court or Plaintiffs with any evidence to support the representation that the State of Utah is legally bound to indemnify Mr. Bairett for the attorney fees and expenses awarded. Absent such supporting evidence, counsel for Plaintiffs raise a legitimate concern about whether and how they could enforce the award against the State. The court does not question that Mr. Bairett's counsel accurately represent

2

their present understanding. There is no basis, however, for the court to conclude that they are in a position to legally bind the State of Utah. Absent that certainty, the court is unable to conclude that the factors weigh in favor of waiving the requirement for a bond. With appropriate documentation that the State has legally agreed to indemnify Mr. Bairett for the award of fees and expenses that is legally enforceable by Plaintiffs' counsel, the court would find that waiver is appropriate and would stay execution pending the completion of the appeal.

The court will, therefore, allow Mr. Bairett until **March 8, 2017**, to provide such documentation. Plaintiffs' counsel will then have until **March 22, 2017**, to object to the adequacy of the documentation. Upon review of the parties' further submissions, the court will rule upon the motion.

DATED this 22nd day of February, 2017.

BY THE COURT:

_____
Clark Waddoups
United States District Judge